Dear Mr. Millet:
Your request for an Attorney General Opinion concerning juvenile students has been forwarded to me for research and reply.
You asked the following questions:
 1) May a law enforcement agency release to school authorities the name of a juvenile student who has been arrested for drug trafficking on or off school property?
 2) May a law enforcement agency release to school authorities the name of a juvenile student who is suspected of dealing drugs on or off school property?
In response to your first question, juvenile records are, generally speaking, confidential. La. Ch. C. art. 412 provides that "[a]ll records and reports of the court, probation officers, and law enforcement agencies concerning matters or proceedings in [juvenile] court are confidential and shall not be disclosed, except" in limited circumstances.
One exception to this rule of confidentiality is set out in La. Ch. C. art. 412 (E): "[f]or good cause, the court may . . . order disclosure of records and reports of the court, probation officers, and law enforcement agencies to . . . (2) [a]ny person, agency, institution, or other court upon a particular showing that the information is relevant to a specific investigation or proceeding." Because this exception to the confidentiality requirement authorizes only the court to release confidential records, a law enforcement agency may not take advantage of this exception without a court order.
Notably, school authorities may be able to obtain a court order pursuant to La. Ch. C. art. 412 (E) for release of juvenile records which are relevant to school disciplinary proceedings against students. La. R.S. 17:416 provides that students may be expelled or suspended for certain "conduct in school or on the playgrounds of the school, on the street or road while going to or returning from school, or during intermission or recess." La. R.S. 17:416(D) further provides that "incarceration of any student in a juvenile institution for an act which had it been committed by an adult would have constituted a felony, shall be cause for the expulsion of the student." Thus, the school authorities should be able to obtain a court order for the release of records which relate to proscribed conduct on school grounds or en route to or from school or which reflect incarceration for which a student may be expelled.
Therefore, it is the opinion of this office that a law enforcement agency may not release the name of a juvenile student who has been arrested for drug trafficking on or off school property except upon court order pursuant to an applicable statutory exception to the confidentiality requirement.
Your second question concerns releasing the names of juvenile students who are merely suspected of drug dealing. As noted above, La. Ch. C. art. 412 states, in pertinent part, that "all records and reports of . . . law enforcement agencies concerning matters or proceedings in [juvenile] court are confidential and shall not be disclosed except" in limited circumstances. This provision should be construed as protecting the confidentiality of law enforcement records in juvenile matters prior to, as well as after, arrest or commencement of delinquency proceedings. It would certainly defeat the purpose of the confidentiality requirement if law enforcement agencies were free to release information in juvenile cases prior to the institution of formal proceedings in juvenile court. Therefore, it is the opinion of this office that law enforcement agencies may not release the name of a juvenile student who is suspected of dealing drugs on or off school property except upon court order as discussed above.
I hope the foregoing has adequately answered your questions. If our office can be of any further assistance, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: M. PATRICIA JONES Assistant Attorney General Criminal Division
MPJ/sff